J-S49025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS ROBINSON | |
| Appellant | No. 644 EDA 2019 |

Appeal from the PCRA Order Entered January 22, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0002653-1996

BEFORE: BENDER, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 27, 2019**

Appellant, Thomas Robinson, appeals *pro se* from an order dismissing his seventh petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541—9546, as untimely. We hold that the PCRA court properly dismissed Appellant's petition without a hearing. We affirm.

In 1996, Appellant was convicted of first-degree murder and sentenced to life imprisonment. The Superior Court affirmed the judgment of sentence, and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Subsequently, Appellant filed six PCRA petitions, all of which were unsuccessful. This Court affirmed the dismissal of each petition in unpublished decisions. ***See Commonwealth v. Robinson***, 792 A.2d 618 (Pa. Super.

_____

* Former Justice specially assigned to the Superior Court.

2001) (affirming first PCRA dismissal); *Commonwealth v. Robinson*, 924 A.2d 697 (Pa. Super. 2007) (affirming second PCRA dismissal); *Commonwealth v. Robinson*, 981 A.2d 932 (Pa. Super. 2009) (affirming third PCRA dismissal); *Commonwealth v. Robinson*, 6 A.3d 548 (Pa. Super. 2010) (affirming fourth PCRA dismissal); *Commonwealth v. Robinson*, 34 A.3d 239 (Pa. Super. 2011) (affirming fifth PCRA dismissal); *Commonwealth v. Robinson*, 116 A.3d 674 (Pa. Super. 2014) (affirming sixth PCRA dismissal).

On June 18, 2018, Appellant filed the PCRA petition presently under review. On December 17, 2019, the PCRA court filed a notice of intent to dismiss this petition without a hearing pursuant to Pa.R.Crim.P. 907. On January 11, 2019, Appellant filed a response to the notice of intent. On January 22, 2019, the PCRA court entered an order dismissing Appellant's PCRA Petition. On February 15, 2019, Appellant filed a notice of appeal from the court's January 22, 2019 order. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal: "[Appellant's] constitutional rights of due process and equal protection of the law were violated when the lower court dismissed his PCRA [petition] as untimely filed." It is difficult to understand the gist of Appellant's argument; he appears to believe that the PCRA court has steadfastly refused to review a "May 2003 Senate report" that Appellant deems newly discovered evidence.

We must first examine the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, the petitioner must move for post-conviction relief within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final under the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The one-year limitation period does not apply, however, when the petitioner pleads and proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)—(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within one year[1] of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 1998, thirty days after this Court affirmed his judgment of sentence on direct appeal.  42 Pa.C.S.A. § 9545(b)(3).  His present petition, filed in 2018, is facially untimely. Thus, for this Court to have jurisdiction to review his petition on the merits, he must prove that he meets one or more of the exceptions in Section 9545(b).  The PCRA court correctly determined in its Pa.R.A.P. 1925 opinion that Appellant failed to establish that any exception applies.  He failed to demonstrate that (1) his PCRA petition was untimely due to government interference; (2) the facts upon which the claim is predicated, the "May 2003 Senate report," were unknown to him and could not have been ascertained by the exercise of due diligence; or (3) he has asserted some constitutional right that was recognized by the Supreme Court of the United States or the Pennsylvania Supreme Court after the PCRA's one-year limitation period.  We therefore conclude that the PCRA court properly dismissed Appellant's seventh PCRA petition as untimely.

---

[1] Effective December 24, 2018, the Legislature amended Section 9545(b)(2) of the PCRA, increasing the time period for invoking an exception under Section 9545(b)(1) from sixty days to one year.  *See* Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146.  The amendment applies only to claims arising on or after December 24, 2017.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/27/19</u>